**George JOHNSON, Plaintiff—Appellant,**

**v.**

**Joseph SHERMAN, et al., Defendants—Appellees.**

**No. 08–15626.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

George I. Johnson, Vacaville, CA, pro se.

Barry Alves, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

George Johnson, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. 1983 action alleging prison officials violated his First Amendment right to exercise his religion freely. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.

The record shows that Johnson's grievance was rejected as untimely for failure to submit an appeal at the first formal level within the requisite fifteen working days. *See* Cal.Code Regs. tit. 15 § 3084.5(c), 3084.7(a)(2). Therefore, Johnson failed to exhaust prison administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Woodford v. Ngo,* 548 U.S. 81, 88, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.").

We construe the district court's judgment to be without prejudice. *See Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003) (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal

** This disposition is not appropriate for publication and is not precedent except as provid-

without prejudice). Johnson's remaining contentions are unpersuasive.

**AFFIRMED.**